# Wheeling.

## WILLIAM GORE *vs.* JOHN McLAUGHLIN.

### January Term, 1869.

The act of February 27th, 1866, in relation to the statute of limitations, extending the time within which suits of trespass and trespass on the case may be brought in certain counties, does not apply to an action of trespass on the case in assumpsit, nor to actions *ex contractu*, but only to actions of trespass and trespass on the case.

In September, 1867, William Gore sued out of the clerk's office of the circuit court of Morgan county, a writ or summons of trespass on the case, in assumpsit, founded upon a promissory note, executed by John McLaughlin, on the 19th of May, 1858, for the sum of 110 dollars, payable to said Gore twenty days after date. The declaration was filed at the October rules, 1867, and at the November term, following, the defendant filed the plea of the statute of limitations. The case as agreed was presented to the court, and upon the law arising upon the agreed facts, the court decided that the act of limitations barred the claim, and at the March term, 1868, judgment was rendered dismissing the suit, with costs. The point of law presented in the case agreed, involve the construction of an act of the legislature of West Virginia, passed on the 27th of February, 1866, extending the period within which actions of trespass and actions of trespass on the case might be commenced in certain counties, of which Morgan county was one. To the judgment aforesaid the plaintiff obtained a supersedeas to this court.

*C. J. Faulkner* for plaintiff in error.

The point of law presented by the case agreed, involves

the construction of an act of the legislature of West Virginia, passed on the 27th day of February, 1866, extending the period within which actions of trespass, and actions of trespass on the case, may be commenced. The action brought by the appellant was trespass on the case in assumpsit, and the question is, does a fair construction of the statute embrace that form of action?

No preamble accompanies the act as a key to its construction, and the intent of the legislature can only be ascertained by reference to the general rules which govern the construction of statutes. When technical words are used, they are to be taken in a technical sense, unless it appear from the context or other part of the statute, that the words are intended to be used differently from their legal acceptation. 1 Kent, 462; Sedgwick on Statutory Law, 261. Whenever in this country a legislature uses a term without defining it, which is well known to the English law, it must be understood in the sense of the English law. *McCool* vs. *Smith*, Black, p. 458. If a statute of the United States uses a technical term which is known and its meaning fully ascertained by the common law, no doubt can exist that it is necessary to refer to the source whence it was taken for its precise meaning. *United States* vs. *Jones*, 3 Wash. Cir. Court R., 209.

The action of trespass on the case lies, according to the best legal authorities, where a party sues for damages for any wrong or cause of complaint, to which covenant or trespass will not apply; it comprises many different species; there are two, however, of more frequent use than any other species of trespass on the case, or perhaps than any other form of action whatever; these are assumpsit and trover. Stephens on Pleading, p. 17, 18, 19.

Originally all actions on the case were for torts, till the introduction of assumpsit upon *mutuatus*, in the time of Queen Elizabeth. *Shade's case*, 4 Coke. Since that introduction, we must distinguish whether the particular action in the case before the court is founded on tort or on contract. If the former, it may be joined with any tort; if the latter

with any contract. Justice Blackstone, 2 Wm. Blackstone's Reports, p. 850. See 1 Comyn's Digest, Action on the Case, p. 128 and 132.

The statute of limitation embraced in 1 Revised Code of Virginia of 1819, p. 488, sec. 4, is substantially the same with the statute of 21 James the First, and continued the law of the State of Virginia until the 1st of July, 1850, when the new Code went into operation. The limitation to an action on the case is there prescribed to be five years. No mention is made of assumpsit as a distinct form of action. It was universally regarded as embraced under the words "*action on the case*," and such has been the received construction of the statute in England and in this country since the days of James the First. In the case of *Swayne and others* vs. *Stephen*, Croke's Charles, 245, a question was made whether the limitation of the statute applied to an action of trover, but the court held that the action of trover was an action on the case, and came within the limitation of that statute.

In the *Hudderfield Canal Company* vs. *Buckley*, 7 Durnf. and East, p. 41, 42, the company was empowered to sue for its subscription by action of debt or "action on the case." It was conceded in the argument that an action on the case in assumpsit could have been properly brought under the statute to recover the money due by subscription. But the plaintiff brought an action on the case "*in tort*," and the question arose on the propriety of that form of action. Chief Justice Kenyon: "I think the action is maintainable in this form, the act having said in express terms that the company may sue by action on the case." Grose, Justice: "As to the form of the action, the words in the act are general 'action on the case.'" Lawrence, Justice: "The only difficulty respecting the form of the action is that suggested by the defendant's counsel, that the defendant is by the mode of declaring deprived of a set-off; but that difficulty is not sufficient to restrain the generality of the words used in the act of Parliament."

*Stanton & Allison* for defendant in error.

We suppose the only question presented by the record in this case is, whether an action of assumpsit is an action of "case" within the meaning of the act for the limitations of actions in certain counties, passed February 27th, 1866, Laws of 1866, p. 92.

That an action of assumpsit is sometimes called an "action of trespass on the case on promises" is certainly true.

But it by no means follows that an action of "trespass or case," mentioned in this statute, was intended by the legislature to include actions of assumpsit.

The manifest scope and object of the law rebuts any such presumption. It will be seen that it only applies to the counties named. And it will also be observed that these counties all lie on or near the borders of the State that were peculiarly subject to the depredations of the rebel armies during the late rebellion.

The object of the law was to give the people of these counties further time to prosecute suits for the redress of such injuries.

Why limit the extension to actions of "trespass or case." Because wherever trespass will lie, case will lie. Code of 1860, p. 635, sec. 7.

The extension was, therefore, limited to such actions as were appropriate for the redress of such injuries.

In Chitty's pleadings, in the enumeration of the forms of action, assumpsit is enumerated as one of the forms of action *ex contractu* and case as one of the forms of actions *ex-delicto*. In defining the action of assumpsit, Chitty says: "Though founded on contract as distinguishable from the *brevia formata* and falling within the provision of the statute of Westminster, may be termed an action on the case. It is, however, uniformly called an action of assumpsit, and when the term "*case*" is adopted in a statute or otherwise, an action as for a tort, and in form *ex delicto* is usually intended, and not an action in form *ex contractu*." 1 Chitty's Pleadings, top p. 70, mar. 88.

And when he comes to the definition of an action on the

case, he says: "In its most comprehensive signification it includes an action of assumpsit as well as an action in form *ex delicto*, but at the present time when an action on the case is mentioned it is usually understood to mean an action in form *ex delicto*. Chitty's Pleadings, top p. 101, mar. 133; *Hudderfield Canal Co.* vs *Buckley*, 7 Term Rep., 36.

BERKSHIRE, J. The only question presented for our consideration is, whether the act of the 27th of February, 1866, extending the time in which actions of trespass and case might be commenced in certain counties of the State, includes actions of assumpsit or only actions of trespass and actions on the case in form *ex delicto*. That actions of assumpsit, as ordinarily understood, are also a species of trespass on the case cannot be questioned. But in strictness it is more so, I think in name than in substance and in reality. For the distinctions between the two actions are solid and well defined, the one always being in form *ex contractu* and the other in form *ex delicto*. And accordingly we find that the elementary law authors, in treating of these actions uniformly do so under distinct heads and definitions, the one defined and found under the head of assumpsit, and the other under the head of "actions on the case;" and I think there can be no doubt that, when an action on the case is mentioned at the present time, it would usually, at least, be understood to mean an action in form *ex delicto*, and not the common action of assumpsit; while it is certain that whenever the latter action is named it excludes the idea of an action founded in tort. See 1 Chitty's Pleadings, p. 88, marg.

The terms employed in the action in question to describe the actions intended to be embraced in it, are "trespass *or* case."

Considering the time and surrounding circumstances under which this action was passed and the words used, it seems to me quite evident, that it was the manifest purpose of the legislature to extend the remedy for certain trespasses and torts committed in the counties to which the law ap-

plies, during the late rebellion, and not to embrace actions founded on contract. And this, I think, will appear still more evident when we consider that, if it was intended to extend the remedy beyond actions in tort, there was the same reason and necessity for including the other personal actions founded on contract, namely, the action of debt, detinue and covenant, and also the action of trover and conversion, as there was for the action of assumpsit; and it seems to me difficult to assign any sufficient reason why it would *not* have been done, if, in fact, it was intended, as now claimed, to extend the remedy to actions of assumpsit.

I think there is no error in the judgment complained of, and that it should be affirmed.

The remaining members of the court concurred.

JUDGMENT AFFIRMED.